### JOSHUA SAWYER vs. BENJAMIN PROCTOR.

That, in an action on book account, the plaintiff may recover for articles, which have arisen from partnership deal between plaintiff and defendant, when the suit does not draw into the controversy the partnership balance.

*Benjamin Proctor* brought his action of *assumpsit* against *Joshua Sawyer*, and *Sawyer* filed his declaration on book against *Proctor*, pursuant to the 93d section of the statute. Judgement to account was rendered, and the account was sent to an auditor, who reported a balance due to *Sawyer* of $208,59 ; and made a special report, and transmitted a copy of the account. It appeared that the two parties were formerly partners in the blacksmith business, and had made a partial settlement, and *Proctor* had passed over to *Sawyer* sundry demands, warranting them good, which were not collectable ; and *Sawyer* had been obliged to pay sundry bills and parts of bills, that had been treated as paid by *Proctor*. *Proctor* had also received some pay on the demands warranted to *Sawyer*. When *Sawyer*, in any of these ways, paid money, or failed to collect, he made a charge against *Proctor*, which formed a principal part of the account now in controversy. The following items form a samplar for the others.

Paid *Mayo & Follett* mistake in bill of iron, paid by *Sawyer*, for
   the benefit of *Proctor*,   -    -    -    $6 25
Paid balance to *Foster* for coal,     -    -    1 50

To loss on demand *vs. Abel Smalley*, warranted by *Proctor*,　　-　　-　　-　　-　　-　1 20

To amount taken by *Proctor* on a demand by him warranted to *Sawyer*, as by *Proctor's* minute,　　-　2 70

There was no controversy but that the testimony before the auditor was proper to prove these items. The only exception to the report was, that these items should not be allowed in this action on book, but in an action of account as between partners.

*Argument for Proctor.*—The authority, under which the declaration on book in offset is allowed, is the 93d section of the judiciary act, which provides, that, when any " just demand on book, &c." a declaration may be filed, &c. ; which words, "just demand on book," must be construed to mean the ordinary subjects of book charge, for the sale and delivery of articles, services rendered, &c. when the right to charge on book existed at the time, and not the subject matter of a distinct action, or another action, as recognized by the statute. It is enacted (*p.* 142) " that actions, of account may be sustained on book account ;" but not *e converso* : and also, in accordance with the English law, that one joint tenant, tenant in common, &c. may maintain the action of account against the other as bailiff and receiver. *Swift's Dig.* (*p.* 579 and 582,) of the laws of *Connecticut*, from whence our book action is derived, has also the same distinction between the two actions, which is seen from the different pleadings. In the action on book the general issue is, that the defendant owes nothing to balance books : In the action of account, that defendant is not bailiff and receiver :—from which we infer, that the action of account is the proper remedy in this case ; and that the objection is a valid one ; that an account of stock in partnership cannot be audited under the declaration on book account.

Another argument is, that, if plaintiff in offset had the right to plead *assumpsit-wise*, and that was a proper method, it would save the expense of a distinct action, and a distinct bill of cost : so that, if the right to file on book in this case is only doubtful, the decision would be in favor of the common law method, as a saving of expense to the parties, and that a multiplicity of suits is to be avoided.

*Argument for Sawyer.*—One objection only is raised to the report ; and that is, that a part of the charges were for property delivered on a partnership concern, and that, therefore, book account was not the proper action, but ought to have been the action of account. The subjects that particularly appertain to the

Sawyer
*vs.*
Proctor.

action of account have undergone many changes, and would seem to be at the present day of but little use. The action of *book account* has taken its place; and, of all nice distinctions, those between *book account* and *account* are the last that ought to be raised. What says the legislature? Bring your action of account on book account.—*Stat.* 142, *sec.* 2. The legislature has defined what are the peculiar objects of this action.—*Stat.* 142, *sec.* 3. There is no action of account that is contemplated by the statute to be filed in offset.

HUTCHINSON, J. pronounced the opinion of the Court.—The objection to this report of the auditor supposes, that this declaration on book was filed for the purpose of closing the unsettled partnership deal of the two parties, and recovering a balance. This seems not to be a correct statement of the case. All the items of the account as charged, and as the auditor reports them proved, are of another character. They all suppose a settlement of the partnership as such, and a call upon *Sawyer* to pay what, by the terms of the settlement, belonged to *Proctor* to pay; or, he has been at expense in collecting demands warranted to him by *Proctor*, which are lost, &c. These charges stand just as they would if the two had never been partners, and yet in some deal, *Sawyer* was holden, and had to pay money which *Proctor* owed; or in some bargain, received warranted demands, which failed, and he was at expence in endeavouring to collect, &c.; or, of some such demands *Proctor* had received the pay. Neither party has made any exhibits tending to show the profit and loss of the partnership. This case, therefore, does not come within the principle relied upon by the defendant in support of his exception. The exception is overruled, and the judgement of the county court, accepting the auditor's report, is

Affirmed.

*Sawyer*, for the plaintiff.
*Meigs*, for the defendant.